**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | | |
|---|---|---|
| KHARAN BELGRAVE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:26CV583 |
| | ) | |
| PROCTER & GAMBLE, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

The Court (per the undersigned Magistrate Judge) previously "requir[ed] Plaintiff to properly complete [a] summons form . . . and to return the properly completed summons form to the Clerk by 07/29/2026[.]" (Text Order dated June 27, 2026.) That Text Order expressly warned that "[f]ailure by Plaintiff to timely return a properly completed summons form shall result in the dismissal without prejudice of this action." (Id.) Plaintiff did not comply (and did not file an objection to the Text Order or a motion for more time to comply). (See Docket Entries dated June 27, 2026, to present (showing no further filings by Plaintiff).)

"The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders. Fed. R. Civ. P. 41(b). In this case, [Plaintiff] failed to respond to a specific directive from the [C]ourt." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir.

1989). Due to that failure, the Court should dismiss without prejudice this action.

In making that recommendation, the undersigned Magistrate Judge recognizes "that dismissal is not a sanction to be invoked lightly." Id. Generally, before dismissing a case for failure to comply with an order, a court should consider: "(i) the degree of personal responsibility of the plaintiff; (ii) the amount of prejudice caused the defendant; (iii) the existence of a history of deliberately proceeding in a dilatory fashion[;] and (iv) the existence of a sanction less drastic than dismissal." Id. Here, (i) no reason exists to doubt that Plaintiff bears responsibility for this non-compliance; (ii) Plaintiff's inaction prejudices the right of Defendant to prompt resolution of this action; (iii) Plaintiff still has not complied despite the passage of more than two additional months since the deadline set in the Text Order; and (iv) no other sanction appears adequate.[1]

**IT IS THEREFORE RECOMMENDED** that the Court dismiss this action without prejudice.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

October 2, 2026

[1] As to that final consideration (and as documented above), the Court (per the undersigned Magistrate Judge) expressly warned Plaintiff that non-compliance would lead to dismissal. "In view of th[at] warning, the [ C]ourt ha[s] little alternative to dismissal. Any other course would . . . place[] the credibility of the [C]ourt in doubt and invite[] abuse." Ballard, 882 F.2d at 96.